**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEUROSURGICAL CARE OF NEW JERSEY, PA and RODERICK J. CLEMENTE, MD, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY, <br><br> *Defendant*. | Civil Action No. 22-1333 <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is a motion to dismiss filed by Defendant United Healthcare Insurance Company ("United").[1] D.E. 7. Plaintiffs filed a brief in opposition, D.E. 12, to which Defendant replied, D.E. 18.[2] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs, a healthcare services provider and neurosurgeon in New Jersey, bring suit to recover payments incurred when providing allegedly necessary medical services to patient

---

[1] United states that United HealthCare Services, Inc. is the correct entity in this matter. Def. Br. at 1.

[2] For purposes of this Opinion, the Court refers to Defendant's brief in support of its motion (D.E. 7-1) as "Def. Br."; Plaintiffs' opposition (D.E. 12) as "Plf. Opp."; and Defendant's reply (D.E. 18) as "Def. Reply".

"G.E.".[3] G.E. is a beneficiary of an employee welfare plan (the "Plan") that is administered by United. Compl. ¶ 5; Stalinski Cert. ¶ 2, Ex. 1. The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Stalinski Cert., Ex. 1 at 181. Plaintiffs allege that they performed surgery on G.E. in August 2017 and billed United for $215,857. Compl. ¶¶ 6-10. United denied payment, claiming that the procedure was not medically necessary. *Id.* ¶ 12.

Plaintiffs filed suit in the Superior Court of New Jersey on February 2, 2022, asserting five state-law based claims against United. D.E. 1-1. Overall, Plaintiffs allege that United should have covered and paid for G.E.'s surgery under the Plan. United removed the matter to this Court on March 11, 2022, based on diversity jurisdiction. *See* Notice of Removal ¶ 4. Defendant subsequently filed the instant motion, seeking to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 7.

## II.     STANDARD OF REVIEW

United moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.

---

[3] The factual background is taken from Plaintiffs' Complaint ("Compl."). D.E. 1-1. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A court may also consider any document integral to or relied upon in the Complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997)). Here, United maintains that in deciding this motion, the Court can rely on the relevant plan document. Def. Br. at 5-6; *see also* Stalinski Cert., Ex. 1 (the "Plan"). Plaintiffs do not appear to disagree. Accordingly, the Court considers the Plan, as it is relied upon and integral to the Complaint.

In their opposition brief, however, Plaintiffs include two exhibits: an assignment of benefits (Exhibit A) and the Certification of Plaintiff Roderick J. Clemente, MD (Exhibit B). *See* D.E. 12. The assignment of benefits is not referenced in or integral to Plaintiffs' Complaint, and the Certification addresses many facts that are also not set forth in the Complaint. Consequently, the Court did not consider Exhibits A or B in deciding Defendant's motion.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true" and give a plaintiff the benefit of all reasonable inferences flowing therefrom. *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

United argues that Plaintiffs' Complaint is expressly preempted by Section 514(a) of ERISA and therefore must be dismissed. Def. Br. at 6-10. Plaintiffs counter that Section 514 does not apply because their claims are permitted under Section 502 of ERISA. Plfs. Opp. at 8. Plaintiffs appear to misconstrue ERISA preemption as to its application and effect because even if the Court were to agree with Plaintiffs, the matter would have to be dismissed for failure to bring a claim under Section 502.[4]

---

[4] The Court notes that although Plaintiffs argue that their claims are allowed under Section 502, Plaintiffs do not assert any Section 502 claims in their Complaint. Plaintiffs cannot amend their Complaint through a brief. *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984))). And because Plaintiffs did not assert any claims pursuant to Section 502, the Court does not (and cannot at this time) address the merits of any Section 502 claim.

Under ERISA, the term "'preemption' is used . . . in more than one sense." *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999). The two forms of preemption found in ERISA are "complete preemption" under Section 502(a) and "ordinary preemption" under Section 514(a). *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir. 1997). "[C]omplete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *In re U.S. Healthcare*, 193 F.3d at 160. In other words, if ERISA completely preempts a state law cause of action, then a defendant may remove the matter to federal court on that basis alone, "even if the well-pleaded complaint rule is not satisfied."[5] *Joyce*, 126 F.3d at 171. Here, Defendant removed the matter based on this Court's diversity jurisdiction. *See* Notice of Removal ¶ 4. Thus, while Section 502(a) may provide an independent basis for the Court's subject matter jurisdiction, it is not the basis invoked by Defendant.

Section 514 preemption, or ordinary preemption, is an affirmative defense that a defendant can assert against a state-law based claim. *In re U.S. Healthcare*, 193 F.3d at 160. Section 514(a) is "a broad express preemption provision" that provides as follows: "the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a); *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 226 (3d Cir. 2020). "The purpose of this broad preemption clause [is] to ensure [that] plans and plan sponsors [are] subject to a uniform body of benefit law, minimizing the administrative and financial burden of complying with conflicting requirements of the various

---

[5] ERISA's complete preemption provision, Section 502, is a misnomer because it is "really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).

4

States." *Jorgensen v. Prudential Ins. Co. of Am.*, 852 F. Supp. 255, 260-61 (D.N.J. 1994) (citing *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 142 (1990)).

"State law," for Section 514 preemption purposes, is defined as "all laws, decisions, rules, regulations, or State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). State common law claims may also fall within this definition. *Plastic Surgery Ctr., P.A.*, 967 F.3d at 226. A claim "relates to" a plan "if it has either (1) a 'reference to' or (2) a 'connection with' that plan." *Id.* Further a state-law claim references an ERISA plan if it is "premised on" the plan. Recently, the Third Circuit "distille[ed] two overlapping categories of claims 'premised on' ERISA plans." *Id.* The categories are (a) "claims predicated on the plan or plan administration, e.g., claims for benefits due under a plan or where the plan is a critical factor in establishing liability" and (b) "claims that involve construction of the plan or require interpreting the plan's terms." *Id.* at 230 (internal quotations and punctuation omitted). Claims that are preempted by Section 514 are typically dismissed for failure to state a claim. *See, e.g.*, *Sleep Tight Diagnostic Ctr., LLC v. Aetna Inc.*, 399 F. Supp. 3d 241, 250-51 (D.N.J. 2019) ("Indeed, courts within this district have consistently dismissed claims for breach of contract, quantum meruit, promissory estoppel, and negligence when they arise from an ERISA-governed plan on the basis of [Section 514] preemption.").

Here, Plaintiffs plead that G.E. is a beneficiary of a United health insurance plan, Compl. ¶ 5, that Plaintiffs billed United for medical care they provided to G.E., *id.* ¶ 10, and that United denied payment to Plaintiffs for G.E.'s medical care after United determined that the care was not medically necessary, *id.* ¶ 12. Plaintiffs' overarching theory appears to be that they are owed payment under the Plan. Accordingly, Plaintiffs' claims are predicated on the Plan and its administration. This conclusion is buttressed by Plaintiffs' own arguments in opposition to the

current motion. Plaintiffs first maintain that they could have asserted their claims as Section 502 claims.[6] *See* Plfs. Opp. at 8. Plaintiffs also reference portions of the Plan to demonstrate that the care was medically necessary, as defined by the Plan. *See id.* at 10-11 (quoting Plan language). Plaintiffs' claims, therefore, are preempted by Section 514(a) because they relate to an ERISA benefit plan. *See Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 296 (3d Cir. 2014) ("Claims involving denial of benefits . . . require interpreting what benefits are due under the plan" and "are expressly preempted"); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001) ("Thus, suits against HMOs and insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by § 514(a)."). In other words, Section 514 prohibits Plaintiffs from asserting their state-law claims because they are based on the Plan. The Court cannot decide Plaintiffs' claims without looking at and interpreting the Plan. Plaintiffs' Complaint, therefore, is expressly preempted and dismissed.[7]

### IV. CONCLUSION

For the foregoing reasons, and for good cause shown

IT IS on this 12th day of December, 2022,

**ORDERED** that Defendant's motion to dismiss (D.E. 7) is **GRANTED** and the Complaint is **DISMISSED**; and it is further

---

[6] Section 502(a) permits a plan participant or beneficiary to assert a civil claim to, amongst other things, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

[7] Because Plaintiffs' claims are preempted, the Court need not address United's other argument that the claims are not plausibly pled. *See* Def. Br. at 11-15. And again, the Court is not addressing Plaintiffs' argument in opposition that their claims are permissible under Section 502 because Plaintiffs do not plead a Section 502 claim in the Complaint.

**ORDERED** that the dismissal is without prejudice.  Plaintiffs shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein.  If Plaintiffs do not file an amended pleading within that time, the matter will be dismissed with prejudice.

_____
John Michael Vazquez, U.S.D.J.